# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-1027V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
CYNTHIA HACKNEY,                    *    Special Master Corcoran
                                    *
                                    *    Filed: May 21, 2018
              Petitioner,           *
        v.                          *    Petitioner's Motion for a Decision;
                                    *    Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                 *    Act; Denial Without Hearing.
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark T. Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ for Petitioner.

*Justine E. Walters*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On July 31, 2017, Cynthia Hackney filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the influenza ("flu") vaccine she received on September 14, 2014, caused her to suffer from chronic inflammatory demyelinating polyneuropathy ("CIDP"), or in the alternative, a significant aggravation of pre-existing CIDP. *See* Petition ("Pet.") (ECF No. 1) at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After filing medical records from August 2017 to January 2018, Petitioner filed a status report on February 12, 2018, stating that she had filed all medical records relevant to her claim (ECF No. 18). Respondent filed a status report that same day identifying various medical records still missing from the record (ECF No. 19). The parties did not file a Statement of Completion or a Rule 4(c) Report in connection with the above matter.

I held a status conference with the parties on February 27, 2018, at which time I discussed the overall viability of Petitioner's claim. *See* Non-PDF Order, dated Feb. 27, 2018. During the conference, I specifically directed Petitioner to file a status report on or before April 2, 2018, indicting how she intended to proceed with the case given the lack of record support for her claim and the issues identified by the parties during the conference. Petitioner filed the status report on April 2, 2018, and requested an extension of time to determine if she intended to move forward with her claim or seek dismissal. *See* ECF No. 21. Based on the contents of the status report, I directed Petitioner to file a motion to dismiss her claim, or for her counsel to file a motion to withdraw, on or before April 16, 2018. *See* Non-PDF Order, dated Apr. 16, 2018.

On April 16, 2018, Petitioner filed the present motion to voluntarily dismiss her claim, setting forth her view that she would be unable to prove entitlement to compensation in this case based on an investigation of the medical facts and science supporting her claim. *See* Motion for a Decision, dated Apr. 27, 2018 (ECF No. 23). Respondent otherwise indicated that he does not oppose the motion. *Id.*

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Ms. Hackney suffered a Table injury. Furthermore, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Ms. Hackney's alleged CIDP (or significant aggravation of pre-existing CIDP) was caused by the flu vaccine that she received on September 14, 2014.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

3

**IT IS SO ORDERED.**

                                                  <u>/s/ Brian H. Corcoran</u>
                                                  Brian H. Corcoran
                                                  Special Master